932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Jean MONA, Debtor,
Jean MONA, Plaintiff-Appellant,
v.
Paul W. HERSH, Defendant-Appellee.
 No. 90-2226.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 16, 1991.
Decided May 6, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-90-1694-H)
 Melvin G. Bergman, Lanham, Md., for appellant.
 Robert F. Leibner, Leibner & Potkin, P.C., Washington, D.C., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jean Mona appeals a finding that attorneys' fees incurred by Paul Hersh, her husband's business partner, were a nondischargeable debt under 11 U.S.C. Sec. 523(a)(6). We hold that the debt was nondischargeable. Accordingly, we affirm.
 
 BACKGROUND
 
 2
 In 1982 Jean Mona (then Jean Kingham) typed a promissory note, purportedly from Hersh, in the amount of $200,000 for the benefit of Joe Mona's daughters, her future stepdaughters. Joe Mona then signed the document himself, purporting to be a witness to Hersh's signature. The note was to be paid in 1986. Hersh's signature was on the note.
 
 
 3
 Mona's stepdaughters brought an action to collect on the note. Hersh alleged that he did not write or sign the note, and that it must have been written over his signature on an otherwise blank piece of paper.[1] During the trial, Mona first contended that Hersh signed the note after she prepared it, and later claimed that she was not aware of the existence of the note. Hersh was found not liable for the reason that Jean and Joe Mona had fraudulently fabricated the note over his signature.[2] Hersh incurred $268,724.14 in attorneys' fees defending the action.
 
 BANKRUPTCY PROCEEDINGS
 
 4
 Mona subsequently filed for bankruptcy. Hersh filed a motion in the bankruptcy court seeking leave to file a proof of claim after the expiration of the deadline for filing proofs of claim in the Chapter 11 proceeding. The bankruptcy court granted leave, and Hersh claimed the entire amount of attorneys' fees from the action brought by Mona's stepdaughters. Hersh claimed that the note was nondischargeable under 11 U.S.C. Sec. 523(a)(6) in that Mona committed the tort of wrongful involvement in litigation involving a third party. Damages for that tort include attorneys' fees incurred in defending the litigation.
 
 
 5
 Mona contended before the bankruptcy court that she committed no tortious act when typing the note. She claimed that she typed the note at Joe Mona's instruction, and that it was not typed on a piece of paper signed by Hersh. However, the bankruptcy judge found, after a bench trial, that Hersh's testimony was credible, and that Mona's testimony was not credible. The court awarded Hersh the claimed $268,724.14 in attorneys' fees, but denied attorneys' fees arising out of the action in the bankruptcy court; the court also disallowed over $6000 in costs claimed by Hersh, as well as any punitive damages. Mona appealed to the district court.
 
 DISTRICT COURT PROCEEDINGS
 
 6
 On appeal, the district court found that Mona's actions in preparing the note over Hersh's signature were tortious. The court found that the bankruptcy judge's determination of credibility on the issue of when the note was signed was not clearly erroneous. The court found that preparation of the note necessarily and foreseeably led to the correspondent litigation and the attendant attorneys' fees incurred by Hersh. Further, the court found that Mona's intentional act in fraudulently preparing the note was sufficient to establish the requisite finding of malice and willfulness to support a finding of nondischargeability under the code. Finally, the court found that the amount of attorneys' fees awarded by the bankruptcy court was not clearly erroneous. That amount was supported by the testimony of Hersh's attorney, on both direct and cross examination, before the bankruptcy court. The court denied Hersh's motion for sanctions against Mona for bringing a frivolous appeal.
 
 ISSUES ON APPEAL
 
 7
 Mona appealed to this Court. She contends that she prepared the note primarily at the behest of Joe Mona, and that she was to receive no benefit from it. Therefore, she contends, the courts below erred in finding that her preparation of the note was malicious. She further contends that the assessment of attorneys' fees was excessive and that perhaps the fees should be apportioned between her and her husband. She admits that this would be a novel approach unsupported by any law.
 
 
 8
 The findings of fact made in the bankruptcy proceeding may not be overturned unless they are clearly erroneous. Bankr.R. 8013; Willemain v. Kivitz, 764 F.2d 1019 (4th Cir.1985). Further, due consideration must be given to the bankruptcy court's ability to determine the credibility of witnesses. Bankr.R. 8013. However, on appeal the bankruptcy court's application of law is reviewed de novo.
 
 I. Wrongful Involvement in Litigation
 
 9
 The tort of wrongful involvement in litigation
 
 
 10
 permit[s] a plaintiff to recover from the defendant reasonable attorneys' fees incurred in prior litigation against a third party where they were a natural consequence of the defendant's wrongful act.... All that is required is incurrence of the fees in prior litigation with a third party precipitated by the tortious conduct of the present defendant.
 
 
 11
 Nepera Chemical, Inc. v. Sea-Land Serv., Inc., 794 F.2d 688, 696-97 (D.C.Cir.1986).
 
 
 12
 The bankruptcy court found, after a hearing, that Mona prepared the note above Hersh's signature without his permission, and that finding is supported by the testimony of Hersh, as well as several other witnesses.[3] The court found that the testimony of Mona was not credible. Mona's action in preparing the note over Hersh's signature without his authorization was certainly fraudulent, and therefore tortious. Further, the action brought against Hersh by Joe Mona's daughters to collect on the note was a natural, foreseeable consequence of the preparation of the note. Hersh incurred substantial attorneys' fees in defending against the note, fees which he would not have incurred had Mona not fraudulently prepared the note. Therefore, the court below did not err in determining that Mona wrongfully involved Hersh in litigation against a third party, and that he incurred attorneys' fees as a result of that tortious conduct.
 
 II. Dischargeability
 
 13
 The bankruptcy code provides, in pertinent part: Sec. 523. Exceptions to discharge
 
 
 14
 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt--
 
 
 15
 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
 
 
 16
 11 U.S.C. Sec. 523(a)(6). Therefore, Hersh's claim against Mona for attorneys' fees from the action to collect on the note is not dischargeable in the bankruptcy proceedings if it is considered a "willful and malicious" injury.
 
 
 17
 An act is willful and malicious under Sec. 523(a)(6) if it is done deliberately and intentionally; malice can be inferred from the surrounding circumstances. St. Paul Fire & Marine Ins. Co. v. Vaughn, 779 F.2d 1003, 1009-10 (4th Cir.1985). Mona's conduct was deliberate and intentional, and she knew that she did not have authorization to type the note over Hersh's signature. Therefore, the debt was nondischargeable under 11 U.S.C. Sec. 523(a)(6).
 
 III. Amount of Debt
 
 18
 Finally, Mona contends that the amount of attorneys' fees is excessive. Her only contention in this regard, however, is that the fees "do not bear a reasonable relationship to her actual participation in the D.C. litigation," when compared to the participation of Joe Mona. However, she does not allege that any particular bill should be disallowed. She does not allege that the fees incurred by Hersh were higher than customary for litigating this kind of action in the District of Columbia area, that the action did not require the time and labor expended, or that the amount in controversy did not require such vigorous representation. See, e.g., Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n. 28 (4th Cir.) (attorneys' fees awarded to prevailing party under 15 U.S.C. Sec. 1640(e)), cert. denied, 439 U.S. 934 (1978). In addition, the bankruptcy court heard testimony from Hersh's attorney regarding the amount of fees, and Mona was able to cross examine the attorney. The court awarded most of those fees as damages, but disallowed some of the fees and all of the costs requested by Hersh.
 
 
 19
 While the fees incurred by Hersh are certainly high, Mona could have come forward at any time and revealed that the note was fabricated, thus ending the litigation and ending Hersh's incurrence of attorneys' fees. Because the attorneys' fees which Hersh incurred as a result of the litigation are, by their nature, the measure of damages for wrongful involvement in litigation, the assessment of the majority of those fees by the bankruptcy court was proper. Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co., 743 F.2d 932, 942 (D.C.Cir.1984) ("submission of a paid bill, supported by testimony of the claimant or claimant's agent that the expense was occasioned by defendant's wrong, is sufficient prima facie evidence of the amount of damages").
 
 
 20
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Hersh and Joe Mona, Jean Mona's husband, were partners in a real estate business venture. However, they did not share offices. In order to avoid the inconvenience of transmittal of documents for each other's signature, Joe Mona and Hersh each signed blank pieces of paper for the other's use in the course of business
 
 
 [2]
 Several witnesses testified to the practice of Joe Mona and Hersh exchanging signed but otherwise blank papers; there was also testimony that Hersh was responsible for the business dealings of the partnership, and that he would not have signed a note drawn up by Mona. Further, the court found that the testimony of both Joe and Jean Mona was not credible, and that Hersh's denial that he signed the note was credible
 
 
 [3]
 There was other testimony supporting the conclusion that the note was fabricated, including testimony by Mona's own expert that the watermark on note showed that the paper was manufactured a yearafter the date Mona claimed the note was executed